Filed 10/15/13  In re Fernando S. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re FERNANDO S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO S.,<br><br>Defendant and Appellant. | F066209<br><br>(Super. Ct. No. JJD062014)<br><br>**OPINION** |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Poochigian, Acting P.J., Detjen, J., and Peña, J.

## INTRODUCTION

Fernando S., appellant, was charged June 26, 2012, in a petition filed pursuant to Welfare and Institutions Code section 602 with felony first degree burglary of a vehicle (Pen Code, § 459, subd. (a), count 1);[1] felony receipt of stolen property (§ 496, subd. (b), count 2), and felony vandalism of property (§ 594, subd. (a), count 3). After a jurisdiction hearing on October 10, 2012, the juvenile court found the allegations to be true beyond a reasonable doubt but found that counts 2 and 3 were misdemeanors.

At the disposition hearing on November 7, 2012, the juvenile court found that the maximum term appellant could be confined for the instant petition was one year four months. The maximum term appellant could be confined based on all previous offenses and the instant petition was five years ten months.[2] The court awarded appellant custody credits of 401 days. The court dismissed appellant's probation as unsatisfactory. Appellant was ordered to pay a restitution fine of $100 and victim restitution of $190. !(RT 352)! Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).[3]

---

[1]      Unless otherwise noted, all statutory references are to the Penal Code.

[2]      At the time of the disposition hearing, appellant was 18 years old. Between January 2010 and March 2013, appellant had felony adjudications for possession of a weapon (§ 12020, subd. (a)), vandalism with over $400 in property damage (§ 594, subd. (a)), and attempted unlawful driving or taking of a vehicle (§ 664 & Veh. Code, § 10851, subd. (a)). Appellant had misdemeanor adjudications for public intoxication (§ 647, subd. (f)), battery on school property (§ 243.2, subd. (a)), vandalism, having a weapon on school grounds (§ 626.10, subd. (a)), carrying a switch-blade knife (§ 653k), and resisting arrest (§ 148, subd. (a)(1)).

[3]      Appellate counsel originally filed a brief setting forth three issues on appeal. On June 27, 2013, this court issued an order granting counsel's request to withdraw the arguments in the brief and have this court independently review the case pursuant to *Wende*. In the interests of judicial economy, we treated the original opening brief as one filed pursuant to *Wende*, struck the arguments made by counsel, and denied counsel's request for leave to file a separate *Wende* brief.

**FACTS**

At midnight on June 3, 2012, Alvaro Trujillo left his apartment and went to his truck. Trujillo found three people around his truck. One of the people was inside the truck pulling out the speaker box. The three individuals ran away. Investigating officers found a component from Trujillo's stereo. The thieves took the stereo and the amplifier. A window to the vehicle worth $100 was broken. The amplifier was not damaged. The value of the damaged stereo components was $90 or $100. An investigating officer later acquired three pieces from Trujillo's stereo. Trujillo was able to identify the components as part of his stereo.

At the residence where the investigator located the stolen stereo components, he also found three individuals he believed to be the burglars.

**APPELLATE COURT REVIEW**

Appellant's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*Wende*, *supra*, 25 Cal.3d 436.) By letter on June 27, 2013, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

**DISPOSITION**

The judgment is affirmed.

3